## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## SPRINGFIELD DIVISION

**C.A. NO.:  1.15-CV-13394**

| | |
|---|---|
| **WAYNE MECTEAU,**<br>    **Plaintiff,**<br><br>v.<br><br>**CITY OF WEST SPRINGFIELD,  EDWARD**<br>**C. SULLIVAN, WEST SPRINGFIELD POLICE**<br>**DEPARTMENT, CHIEF RONALD**<br>**CAMPURCIANI, BRIAN BATTISTA,**<br>**SEAN CURLEY, AND DANIEL**<br>**DISTEFANO,**<br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND**
**JURY DEMAND**

## INTRODUCTION

1.      This is an action by Wayne Mecteau ("Plaintiff") against the City of West Springfield, the West Springfield Police Department, West Springfield Police Officers Brian Battista, Sean Curley, and Daniel, Police Chief Ronald Campurciani, and Mayor Edward C. Sullivan, arising out of the physical assault, deprivation of constitutional rights, and resulting injuries Wayne Mecteau sustained as a result of a warrantless arrest initiated by, and excessive use of physical force exercised by the officers of the West Springfield Police Department.  The action seeks damages under the common law theories of negligence (Count I), negligent training and supervision (Count II), negligent/intentional infliction of emotional distress (Count III), the Massachusetts Civil Rights Act, M.G.L. ch. 12, secs. 11H and 11I (Count IV) and, 42 U.S.C. sec. 1983 (Count V).

## PARTIES

2.      Plaintiff Wayne Mecteau ("Plaintiff"), is an individual who resides in Hampden County, Massachusetts.

3.       Defendant City of West Springfield ("the City") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with an office and principal place of business in West Springfield, Hampden County, Massachusetts.

4.       Defendant West Springfield Police Department ("WSPD") is an agency within the City, with an office and principal place of business in West Springfield, Hampden County, Massachusetts.

5.       Defendant Brian Battista ("Battista") is an individualy residing within the Commonwealth of Massachusetts.  Battista is a party to this lawsuit individually and in his official capacity as an officer of the WSPD.

6.       Defendant Sean Curley ("Curley") is an individual residing within the Commonwealth of Massachusetts.  Curley is a party to this lawsuit individually and in his official capacity as an officer of the WSPD.

7.       Defendant Daniel Distefano ("Distefano") is an individual residing within the Commonwealth of Massachusetts.  Distefano is a party to this lawsuit individually and in his official capacity as an officer of the WSPD.

8.       Defendant Ronald Campurciani ("Campurciani") is an individual residing within the Commonwealth of Massachusetts.  Campurciani is a party to this lawsuit in his official capacity as then Police Chief of the WSPD.

9.       Edward C. Sullivan ("Sullivan") is an individual residing with the Commonwealth of Massachusetts.  Sullivan is a party to this lawsuit in his official capacity as Mayor of the City of West Springfield.

## FACTUAL ALLEGATIONS

10.       On or about February 10, 2013, the Plaintiff was peaceably within the City of West Springfield in the parking lot of the First Niagra Bank when officers and or agents of the West Springfield Police Department, including but not limited to Officer Battista ("Battista"), Officer Curley ("Curley") and Officer Distefano ("Distefano") made a warrantless arrest of Mr. Mecteau, purportedly acting under the color of law.

2

11.     The arrest was not based on probable cause and was effectuated by the use of unlawful and excessive force. The use of force included, but was not limited to, (i) spraying pepper spray on and at Mr. Mecteau, (ii) striking Mr. Mecteau with a police baton, (iii) punching Mr. Mecteau, (iv) dragging Mr. Mecteau through the windshield of a vehicle, (v) throwing Mr. Mecteau face down into a snowbank, (vi) removing Mr. Mecteau's pants, (vii) strangling Mr. Mecteau with a police baton, and (viii) leaving Mr. Mecteau handcuffed and face down in a snow bank for an excessive period of time.

12.     The post arrest actions of Battista, Curley, and Distefano which violated Mr. Mecteau's constitutional rights and civil rights included, but were not limited to: (i) beating Mr. Mecteau at the WSPD outside of the view of surveillance cameras, while he was under arrest and handcuffed, and (ii) depriving Mr. Mecteau of medical attention.

13.     The actions of Battista, Curley, and Distefano caused Mr. Mecteau physical injury and emotional distress. Physical injury included a broken jaw, broken hand/fingers, and eye inuries - which include permanent loss of vision.

14.     In a transparent effort to conceal their unlawful activity, Officers Battista, Curley, and Distefano fabricated a story with respect to the activities that evening and prepared West Springfield Police Department Report Narrative Ref. Number 13-1981-AR ("Arrest Report").

15.     Defendants Battista, Curley, and Distefano acted in concert, under the color of law, in concealing evidence against Mr. Mecteau and in providing evidence which was otherwise false. This also includes presenting false testimony against the Plaintiff.

16.     Defendants Battista, Curley, and Distefano acted in concert, under the color of law, in unlawfully pursuing, seizing, and physically injuring the Plaintiff.

17.     Defendants Battista, Curley, and Distefano acted in concert, under the color of law, in unlawfully denying the Plaintiff medical treatment.

18.     Defendants WSPD, the City, Campurciani and Sullivan negligently trained and or supervised Tremblay and Amaral to perform the duties of a police officer for the WSPD.  17.The Plaintiff suffered economic loss as a result of the actions of Defendants WSPD, the City, Tremblay, Amaral, Campurciani and Sullivan.

19.     The Plaintiff suffered physical and emotional harm as a result of the actions of Defendants WSPD, the City, Tremblay, Amaral, Campurciani and Sullivan.

20.     The pursuit, seizure, and arrest of the Plaintiff were were unconstitutional and otherwise unlawful.

21.     The conduct of Battista, Curley, and Distefano was shocking to the conscience.

22.     The conduct of Battista, Curley, and Distefano was not justified.

23.     The Plaintiff has complied with all jurisdictional requisited to file the instant claim.

## LEGAL CLAIMS

### COUNT I - NEGLIGENCE
### (WAYNE MECTEAU V. CITY OF WEST SPRINGFIELD, WEST SPRINGFIELD POLICE DEPARTMENT, BRIAN BATTISTA, SEAN CURLEY, DANIEL DISTEFANO, JOHN M. CAMPURCIANI, AND CHARLES SULLIVAN)

24.     Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-23 above.

25.     The City, the WSPD, Battista, Curley, and Distefano, Campurciani and Sullivan (collectively, "the Defendants") owed Plaintiff a duty of reasonable care in the exercise of their duties.

4

26.     Defendants breached their duty of care owed to Plaintiff in the manner in which they pursued, seized, apprehended, restrained, arrested, assaulted and battered, denied medical treatment, and prosecuted the Plaintiff.

27.     Defendants breached their duty of care owed to Plaintiff in the manner in which they authorized, permitted, condoned, and or tolerated Plaintiff to be unlawfully pursued, seized, apprehended, restrained, assaulted and battered, denied medical treatment, arrested, and prosecuted.

28.     As a direct and foreseeable consequence thereof, Mecteau has suffered loss of income and employment benefits, other financial losses, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT II – NEGLIGENT TRAINING/SUPERVISION
### (WAYNE MECTEAU V. CITY OF WEST SPRINGFIELD, WEST SPRINGFIELD POLICE DEPARTMENT, BRIAN BATTISTA, SEAN CURLEY, DANIEL DISTEFANO, JOHN M. CAMPURCIANI, AND CHARLES SULLIVAN)

29.     Mecteau hereby realleges and incorporates by reference the averments of paragraphs 1-28 above.

30.     The City, Campurciani, Sullivan, and the WSPD negligently trained and or supervised Battista, Curley, and Distefano in the performance of their duties.

31.     This included, but is not limited, to their lack of training/supervision with respect to: use of force, use of firearms, proper restraint of persons, and providing access to medical care for persons.

32.     As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT III – NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (WAYNE MECTEAU V. CITY OF WEST SPRINGFIELD, WEST SPRINGFIELD POLICE DEPARTMENT, MARK TREMBLAY, DAVID AMARAL, JOHN M. CAMPURCIANI, AND CHARLES SULLIVAN)

33.     Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-32 above.

33.     The Defendants knew or should have known that their conduct was likely to result in emotional distress.

34.     The Defendants conduct was extreme and outrageous and schocking to the conscience.

35.     The Defendants' conduct caused Plaintiff emotional distress of the nature and severity that no reasonable person could be expected to endure.

36.     As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT IV - MCRA - M.G.L. CH. 12, secs. 11H and 11I
### (WAYNE MECTEAU V. CITY OF WEST SPRINGFIELD, WEST SPRINGFIELD POLICE DEPARTMENT, MARK TREMBLAY, DAVID AMARAL, JOHN M. CAMPURCIANI, AND CHARLES SULLIVAN)

37.     Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-36 above.

38.     Defendants interfered with, or attempted to intefere with, Plaintiff's enjoyment of rights secured by the Constitution or the laws of either the United States or the Commonwealth of Massachusetts.

39.     The Defendants' interference or attempted interference was by threats, intimidation, or coercion.

40.     As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and

punitive damages, as well as reasonable attorneys' fees, interest and costs.

### COUNT V – FEDERAL CIVIL RIGHTS VIOLATION – 42 U.S.C. SEC. 1983 (WAYNE MECTEAU V. CITY OF WEST SPRINGFIELD, WEST SPRINGFIELD POLICE DEPARTMENT, MARK TREMBLAY, DAVID AMARAL, JOHN M. CAMPURCIANI, AND CHARLES SULLIVAN)

41.    Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-40 above.

42.    Defendants Battista, Curley and Distefano were acting under color of law at all times relevant during their pursuit, search, seizure, warrantless arrest, assault, battery, denial of medical attention, and filing of criminal charges against the Plaintiff.

43.    The conduct of Defendants Battista, Curley and Distefano deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States or the laws or Constitution of the Commonwealth of Massachusetts.

44.    The conduct of Defendants Battista, Curley and Distefano with respected to the Plaintiff constituted excessive force and or conduct that was extreme, outrageous, and shocking to the conscience.

45.    The actions of Defendants Battista, Curley and Distefano were done in accordance with a custom or policy of the City and or the WSPD.

46.    In pursuing the search, seizure, warrantless arrest, assault and battery, denial of medical attention, and initiation of criminal proceedings against the Plaintiff, Defendants Battista, Curley and Distefano and the WSPD disregarded a known or obvious consequence of their actions.

47.    The City and the WSPD inadequately and or negligently trained and or supervised Defendants Battista, Curley and Distefano, and the decisions of the City and the WSPD in that regard were deliberate and or conscious.

48.    In conducting the search, seizure, warrantless arrest, assault and battery, denial of medical attention, and initiation of criminal proceedings against the Plaintiff, Defendants Battista, Curley and Distefano and the WSPD manifested a deliberate indifference to Plaintiff's rights and engaged in conduct that shocked the conscience.

49.    The actions of the Defendants violated Plaintiff's rights under the 4th Amendment of the United States Constitution in that they constituted, among other things, an unreasonable

seizure and excessive use of force.

50.     The actions of the Defendants violated Plaintiff's rights to substantive due process.

51.     As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

WAYNE MECTEAU, Plaintiff
By his attorneys,


James M. Caramanica, BBO #565882
Law Office of James M. Caramanica
8 North Main St., Suite 403
Attleboro, MA 02703
(508) 222-0096

Dated: September 14, 2015